IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIA FERNANDA VALASCO HURTADO, et al., | |
| Petitioners, | 0:26-CV-546 |
| vs. | MEMORANDUM AND OPINION |
| PAMELA BONDI, United States Attorney General, et al., | |
| Respondents. | |

The petitioners have moved for \$45,675.86 in attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Filing 29. The motion will be granted in part, and the petitioners will be awarded fees and costs totaling \$35,324.69.

The EAJA requires a court to award fees, costs, and other expenses to a prevailing party in proceedings brought against the federal government, unless the position of the government was substantially justified or special circumstances make an award unjust. § 2412(d)(1)(A). The federal government carries the burden of proving that its position, including the action by the agency upon which the civil action was based, *see* § 2412(d)(2)(D), was substantially justified. *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012).

But the government has failed to carry that burden. The Court finds that the petitioners are prevailing parties for purposes of the statute. *See* § 2412(d)(2)(H); *Michelin v. Warden Moshannon Valley Corr. Ctr.,* Nos. 24-2990, 24-3198, 2026 WL 263483, at *1-2 (3d Cir. 2026). The Court does not understand the government to be arguing otherwise. *See* filing 34. Rather, the

government argues its position was substantially justified. *See* filing 34.[1] But for the reasons articulated in *Salazar v. Noem*, No. 8:26-CV-44, 2026 WL 594606 (D. Neb. Mar. 3, 2026), the Court finds the government's conduct—particularly the underlying conduct of the agencies involved—was not substantially justified.

It remains to the Court to determine what fees are reasonable. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160-61 (1990). The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *Id*. The Court must exclude from this calculation hours that were not reasonably expended. *Id*. at 433-34.

The Court has little quarrel with most of the hours spent in this litigation, largely required by the government's conduct not only in unlawfully detaining the petitioners, but removing them from the jurisdiction, imposing additional conditions of release upon them, and failing to return their property upon release. However, several of the line items submitted by the petitioner include activity related to elected officials and the press, which are generally not recoverable under the EAJA. *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004); *Halderman by Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995); *Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 176 (4th Cir. 1994); *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993); *Greater L.A. Council on Deafness v. Cmty. Television of S. Cal.*, 813 F.2d 217, 221 (9th Cir. 1987); *McGee v. Cole*, 115 F. Supp. 3d 765, 771

---

[1] The government's brief was untimely. *See* D. Minn. LR 54.3(b) and advisory committee's note to 2021 amendment; *cf*. D. Minn. LR 7.1(b)(2). The Court has accepted it regardless.

(S.D.W. Va. 2015); *Gunasekera v. Irwin*, 774 F. Supp. 2d 882, 891-92 (S.D. Ohio 2011); *Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1021-22 (N.D. Ill. 2009); *Greenfield Mills, Inc. v. Carter*, 569 F. Supp. 2d 737, 752 (N.D. Ind. 2008); *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 941-42 (E.D. Mich. 2005); *Alfonso v. Aufiero*, 66 F. Supp. 2d 183, 193 (D. Mass. 1999); *Knight v. State of Ala.*, 824 F. Supp. 1022, 1034 (N.D. Ala. 1993); *Gray v. Romeo*, 709 F. Supp. 325, 327 (D.R.I. 1989); *Ramos v. Lamm*, 632 F. Supp. 376, 384 (D. Colo. 1986); *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 706 (2010); *see also Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). "The legitimate goals of litigation are almost always attained in the courtroom, not in the media." *Rum Creek Coal*, 31 F.3d at 176; *accord McGee*, 115 F. Supp. 3d at 771; *see also Halderman*, 49 F.3d at 942.[2] Accordingly, the Court has removed line items including such unrecoverable fees, leaving 134.6 billable hours of the 179.5 claimed. *See* filing 30-1 at 2-3.

The Court also finds the record somewhat thin on the hourly rates charged for attorneys' services and administrative support. The Court agrees that an increase in the statutory rate of $125 is appropriate based on the cost of living. *See* § 2412(d)(2)(A). But information about what might be a reasonable hourly rate is hard to see in the record. *See* filing 30. The Court

---

[2] Lobbying and public relations have been recoverable expenses in a handful of cases, when that work is "directly and intimately related to the successful representation of a client." *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1545 (9th Cir. 1992) (citing *Jenkins by Agyei v. State of Mo.*, 862 F.2d 677, 679 (8th Cir. 1988)), *opinion vacated in part on denial of reh'g,* 984 F.2d 345 (9th Cir. 1993). But this is not such a case—the result here was entirely the result of the litigation. *See Rum Creek Coal*, 31 F.3d at 176; *McGee*, 115 F. Supp. 3d at 771; *Gunasekera*, 774 F. Supp. 2d at 892; *Dupuy v. McEwen*, 648 F. Supp. 2d at 1021-22 (N.D. Ill. 2009); *see also Watkins*, 7 F.3d at 458; *Knight*, 824 F. Supp. at 1034.

may, however, rely on its own experience and knowledge. *Woodward v. Credit Serv. Int'l Corp.*, 132 F.4th 1047, 1056 (8th Cir. 2025). The Court will award attorney's fees for 134.6 billable hours at the rates of $250 per hour for attorney time and $125 per hour for paralegal time, and $937.19 in costs, for a total award of $35,324.69.

IT IS ORDERED:

1.   The petitioners' motion for attorney's fees and costs under the EAJA (filing 29) is granted.

2.   The petitioners are awarded attorney fees and costs in the sum of $35,324.69.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this 17th day of March, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge